IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBIN MICHELLE POLLOCK, | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO.: 1:20-cv-795 |
| | ) |
| | ) |
| LOWE'S HOME CENTERS, LLC., | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

This is an action brought by Plaintiff, Robin Michelle Pollock ("Pollock"), by counsel, against Defendant Lowe's Home Center, LLC. ("Defendant"), for its discriminatory actions, in violation of the Americans with Disability Act of 1990, 42 U.S.C. § 12101, et seq., ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and the Family and Medical Leave Act, 29 U.S.C. §2601 et.seq.

I. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 USC §1331, §1343; the ADA (and "ADAAA"), 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act, 29 U.S.C. §2601 et.seq. ("FMLA")

2. This Court has jurisdiction to grant injunctive and declaratory relief and award damages.

3. Venue is proper in the Southern District of Indiana, Indianapolis, Division, as the discriminatory conduct occurred in Marion County, Indiana, within the jurisdiction of the United States District Court for the Southern District of Indiana.

## II.  PARTIES

4. Plaintiff is a citizen of the United States, and a resident of Marion County, Indianapolis, Indiana.

5. At all relevant times, Plaintiff was an employee as that term is defined by the ADA and FMLA.

6. Defendant Lowe's Home Center's LLC s is a United States Corporation that retails home improvement supplies and contracts with vendors to provide installations. Its principal place of business is 1605 Curtis Bridge Road, Wilkesboro, NC 28697.

7. Plaintiff worked at Defendant's Indianapolis facility, located at 6620 Network Wy, Indianapolis, IN 46278.

8. Defendant is and has at all relevant times, been an employer as that term is defined by the ADA and the FMLA.

## III. ADMINISTRATIVE PROCEDURES

9. Pollock filed EEOC Charge of Discrimination No.:470-2019-01082, alleging disability discrimination, in violation of the ADA. The EEOC issued a Dismissal and Notice of Rights letter on December 11, 2019. (Exhibit A).

10. Pollock timely files this action within ninety (90) days of receipt of her dismissal rights.

## IV. FACTUAL ALLEGATIONS

11. Pollock was employed as a Project Coordinator at Defendant's Indianapolis, IN location.

12. In October 2016, Pollock suffered an extreme pain in her back while at work and had to be taken to the hospital.

13. Pollock was very soon taken into surgery and subsequently diagnosed with terminal cancer.

14. Pollock was off working recovering for approximately three months.

15. Pollock attempted to apply for assistance through the Defendant's short-term disability and its relief fund.

16. Pollock was incorrectly told that she did not qualify for short-term disability and Defendant would not assist her with qualifying for the company relief fund.

17. When Pollock returned to work, she had several doctor's appointments and she needed an accommodation.

18. Pollock's supervisors initially told her that they would forgive her absences relating to her doctor's appointments, but they continued to count her doctor's appointments against her.

19. Pollock's supervisor told her that he felt she was faking her illness and that she did not need an accommodation.

20. Pollock was eventually told that she needed to move her seat so that she could be closely monitored.

21. Pollock's medical information was discussed and disclosed to other co-workers.

22. When Pollock requested to work overtime, she was denied.

23. Defendant would grant a reasonable accommodation, such as allowing Pollock to use a laptop, then supervisors would ridicule her (in front of co-workers) for needing the accommodation.

24. Defendant kept locking Pollock out of the computer system and counting her as absent even when she was physically sitting at her workstation, in the office.

25. Pollock was repeatedly harassed about her disability.

26. Pollock was approved for continuous leave and for intermittent leave, but Defendant's representatives refused to acknowledge her approved absences.

27. Pollock was approved for a schedule change as an accommodation, but then the accommodation was revoked for an unknown reason.

28. On March 13, 2018, Pollack was terminated for alleged excessive absences.

29. Defendant's failed to reasonable accommodate Pollock.

30. Pollock was discriminated against and harassed based on her disability.

31. Pollock was terminated based on her disability.

32. Defendant's interfered with Pollock's FMLA rights.

33. Defendant's conduct was a willful and intentional disregard of Pollock's ADA rights.

34. Defendant's conduct was a willful and intentional disregard of Pollock's FMLA rights.

## V.  LEGAL ALLEGATIONS

### COUNT I- DISCRIMINATION IN VIOLATION OF THE FMLA

35. Plaintiff hereby incorporates by reference and repleads all allegations set forth in paragraphs 1-34.

36. Plaintiff was FMLA eligible.

37. Plaintiff had a qualifying serious health condition.

38. Defendant interfered with, restrained, and/or denied Plaintiff's attempts to exercise her rights under the FMLA.

39. Defendant terminated Plaintiff in violation of the FMLA.

40. Defendant's actions were intentional, willful, and taken in reckless disregard of Plaintiff's legal rights as protected by the FMLA.

41. Plaintiff has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II- DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

42. Plaintiff hereby incorporates by reference and re-pleads all allegations set forth in paragraphs 1-41.

43. Defendant harassed Plaintiff based on her disability.

44. Defendant failed to engage in the interactive process which would have resulted in an accommodation.

45. Defendant failed to reasonably accommodate Plaintiff's disability.

46. Defendant terminated Plaintiff because of her disability.

47. Defendant's actions were intentional, willful, and taken in reckless disregard of Plaintiff's right to be free from disability discrimination.

48. Plaintiff has and continues to suffer harm as a result of Defendant's unlawful actions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Robin Michelle Pollock, by counsel, does hereby request the following as relief:

1. Enter judgment in favor of Plaintiff;

2. Award lost wages, front pay, and associated benefits due to Defendant's discriminatory actions;

3. Award compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions.

4. Award compensatory damages;

5. Award punitive damages;

6. Award all costs and attorney's fees incurred as a result of pursing this action;

7. Award pre- and post-judgment interest in all sums recoverable; and

8. Award all other legal and/or equitable relief this Court deems just and proper.

                Respectfully submitted,
                CURLIN & CLAY LAW,
                ASSOCIATION OF ATTORNEYS

                *s/Robin C. Clay*
                _____
                Robin C. Clay, 22734-49
                8510 Evergreen Ave. Suite 200
                Indianapolis, IN  46240
                Telephone (317) 202-0301
                Facsimile (317) 282-0688
                E-mail: rclay@curlinclaylaw.com

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a jury trial as to all issued deemed triable.

                Respectfully submitted,
                CURLIN & CLAY LAW,
                ASSOCIATION OF ATTORNEYS

                *s/Robin C. Clay*
                _____
                Robin C. Clay, 22734-49
                8510 Evergreen Ave. Suite 200
                Indianapolis, IN  46240
                Telephone (317) 202-0301
                Facsimile (317) 282-0688
                E-mail: rclay@curlinclaylaw.com